USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1283 ANGEL M. DIAZ-ZAYAS, Plaintiff, Appellant, v. COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Carmen Consuelo Cerezo, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ ____________________ Paul Ramos Morales on brief for appellant. __________________ Guillermo Gil, United States Attorney, Charles E. Fitzwilliam, ______________ _______________________ Assistant United States Attorney, and Donna McCarthy, Assistant _______________ Regional Counsel, Social Security Administration, on brief for appellee. ____________________ DECEMBER 3, 1996 ____________________ Per Curiam. Claimant-appellant Angel M. Diaz-Zayas __________ appeals from a decision of the district court affirming the decision of the Secretary of Health and Human Services denying him social security disability benefits. We affirm. Appellant applied for disability insurance benefits alleging disability since November 15, 1979 due to nerves, a heart condition, and sinusitis. After a hearing, an Administrative Law Judge (ALJ) concluded that prior to the expiration of his coverage--on March 31, 1983--appellant had preventricular contractions, sinusal tachycardia, chronic anxiety disorder, and Ativan dependence. These conditions, the ALJ found, were severe but not equal to a listing. The ALJ also found that appellant possibly had occasional discomfort associated to these conditions, but that he did not have disabling physical or mental distress for a continuous period of twelve months. Based on these findings, and a finding that appellant could perform light work, the ALJ concluded that appellant was not disabled prior to the expiration of his coverage because he could have performed his former jobs as a machine operator or production helper. Appellant does not argue that the ALJ erred in finding that he has the capacity for light work. Instead, he argues that the ALJ erred in his findings regarding appellant's mental condition. We review the Secretary's decision under a "substantial evidence" standard; we will affirm that decision if it is supported by "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, __________ _______ 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. _______________________ ____ 197, 229 (1938)); see also Manso-Pizarro v. Secretary of _________ _____________ _____________ Health & Human Servs., 76 F.3d 15, 16 (1st Cir. 1996).  _____________________ Contrary to appellant's suggestion, the ALJ was not required to accept the opinion of Dr. Garcia Saliva that appellant's mental condition disabled him from working. Assuming solely for the sake of argument that Dr. Garcia, who saw appellant on only one occasion, could be considered a treating physician, we note that there was conflicting evidence from other treating sources regarding appellant's ability to work. Indeed, appellant's therapists at the Mental Health Center encouraged him, on more than one occasion, to look for a job. In any event, the determination of disability is reserved to the Secretary. See 20 C.F.R.  ___ 404.1527(e). We think the ALJ adequately explained his reasons for finding that appellant's mental condition did not preclude him from performing his past jobs as a machine operator or production assistant.1 1  ____________________ 1We add that it is not obvious that Dr. Garcia's opinion 1 is inconsistent with this finding. Dr. Garcia opined that appellant was disabled from performing his "usual work." Read in context, "usual work" appears to refer to appellant's past job as a service station attendant (the only job Dr. Garcia mentions). Dr. Garcia did not specifically address whether appellant was able to work as a machine operator or -3- Similarly, the ALJ was not required to accept the diagnoses of schizophrenia made by Dr. Carlos J. Nogueras and Dr. Luis Lozada Rivera, or the more specific findings made by Dr. Lozada regarding appellant's mental impairment. These diagnoses and findings were made in 1992, approximately nine years after appellant's insurance coverage expired. Cf. ___ Deblois v. Secretary of Health & Human Servs., 686 F.2d 76, _______ ___________________________________ 79 (1st Cir. 1982) (observing that a claimant has the burden of establishing that his mental impairment was of a disabling level of severity prior to the expiration of his coverage). There is ample evidence in the record from both treating and non-treating sources to support the ALJ's finding that appellant suffered from an anxiety disorder--rather than schizophrenia--during the critical period. Moreover, the only mental residual functional capacity assessments in the record which focus on the critical period support the ALJ's finding of no disability. Affirmed. [NOT FOR PUBLICATION] ________ UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________  ____________________ production helper.  -4- No. 96-1533 UNITED STATES, Appellee, v. NORMAN L. BROOKS, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Paul J. Barbadoro, U.S. District Judge] ___________________ ____________________ Before -5- Selya, Boudin and Lynch, Circuit Judges. ______________ ____________________ Richard F. Monteith, Jr. on brief for appellant. ________________________ Paul M. Gagnon, United States Attorney, and Peter E. _______________ ________ Papps, First Assistant United States Attorney, on brief for _____ appellee. ____________________ DECEMBER 3, 1996 ____________________ Per Curiam. Norman L. Brooks appeals from his ___________ sentence on the sole ground that the district court, in fashioning the restitution order, did not take adequate account of his ability to pay. Brooks concedes that he did not raise this argument at sentencing. Therefore, this court -2- reviews the order only for plain error. See United States v. ___ _____________ Gilberg, 75 F.3d 15, 20 (1st Cir. 1996). _______ We may assume for purposes of this decision, without deciding, that the plea agreement does not contain an agreement to pay restitution. See United States v. Ramilo, ___ ______________ ______ 986 F.2d 333, 334 (9th Cir. 1993) (interpreting similar agreement as merely "specify[ing] the amount of the loss sustained by each victim and hence the amount the court might order [defendant] to pay as a result of his guilty plea" and distinguishing it from "an agreement that [defendant] would pay restitution in the amounts listed"). Even though the plea agreement does not preclude Brooks from challenging the restitution order, the challenge fails on other grounds. Brooks faults the sentencing court for failing to consider the requisite factors, including defendant's financial resources, as mandated by 18 U.S.C. 3664(a). The court's undisputed failure to make express findings is not fatal, however, because "the record clearly indicates that the court gave thought to the requisite factors." United States v. Savoie, 985 F.2d 612, 618 (1st _____________ ______ Cir. 1993).  The presentence report contained information about defendant's financial condition, including the financial needs and resources of defendant and his dependents. The sentencing court expressly adopted the findings of the -3- presentence report. Therefore, there was no plain error with regard to the court's satisfaction of its statutory obligation under 3664(a). See United States v. Lilly, 80 ___ _____________ _____ F.3d 24, 29 (1st Cir. 1996) (holding that obligation under 3664(a) "generally is satisfied where . . . the court relies on the presentence report detailing the defendant's financial condition"). Brooks also argues that it was plain error for the district court to impose a restitution order absent evidence that he has the present or future ability to comply with the order. "[T]he statute merely requires the court to 'consider' financial condition, among other factors, 18 U.S.C. 3664(a); there is no requirement that the defendant be found able to pay now." United States v. Lombardi, 5 F.3d _____________ ________ 568, 573 (1st Cir. 1993). With regard to future ability to pay, we have not yet resolved the issue of "what circumstance, if any, would preclude a district court from ordering restitution based on prospective income." Lilly, 80 _____ F.3d at 29. For an error to be "plain" it must be obvious. See ___ United States v. Olano, 507 U.S. 725, 732-34 (1993). Given _____________ _____ the legal uncertainty about the circumstances under which a restitution order may be based upon prospective income, and the factual uncertainty about whether Brooks retained any of the ill-gotten funds which he has been ordered to repay, the -4- court's restitution order was not obviously erroneous. See ___ Lombardi, 5 F.3d at 573. We "exercise our undoubted ________ discretion under Olano to disregard the alleged error." _____ United States v. Camuti, 78 F.3d 738, 747 (1st Cir. 1996). _____________ ______ Brooks' sentence is summarily affirmed. See Loc. R. __________________ ___ 27.1. -5-